UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| Edwardo STULTZ, | Case No.: 3:24-cv-1840-AGS-LR |
|---|---|
| Plaintiff, | **ORDER: (1) GRANTING MOTION TO PROCEED IN FORMA PAUPERIS (ECF 3);** |
| vs. | |
| John DOE #1, Calipatria Correctional Officer; John Doe #2, Nurse; John Doe #3, Centinela Correctional Officer; John Doe #4, Nurse, | **(2) DISMISSING COMPLAINT** |
| Defendants. | |

Edwardo Stultz, an inmate representing himself, filed a civil-rights complaint. (ECF 1.) He alleges defendants violated his rights by improperly obtaining his DNA and disclosing it to the prosecution a criminal case against him. (*Id.* at 9.) He also alleges officials "tampered" with his legal mail. (*Id.*) For the reasons discussed below, the Court grants plaintiff's motion to proceed without prepayment of the filing fee and dismisses the complaint for failure to state a claim and for violating Rule 8 of the Federal Rules of Civil Procedure.

### I.   MOTION TO PROCEED IN FORMA PAUPERIS

Generally, parties instituting civil actions in federal court must pay fees of $405. *See* 28 U.S.C. § 1914(a); Judicial Conference Schedule of Fees, District Court Misc. Fee Schedule, § 14 (eff. Dec. 1, 2023). A party may initiate a civil action without prepaying the required filing fee if the Court grants leave to proceed in forma pauperis based on indigency. 28 U.S.C. § 1915(a); *Andrews v. Cervantes*, 493 F.3d 1047, 1051 (9th Cir. 2007). Plaintiffs granted leave to proceed in forma pauperis need not pay the $55 administrative fee, *see* 28 U.S.C. § 1914(a); Judicial Conference Schedule of Fees, District Court Misc. Fee Schedule, § 14 (eff. Ded. 1, 2023), but they must eventually repay the entire $350 filing fee in installments, regardless of whether their action is ultimately

1

dismissed, *see* 28 U.S.C. § 1915(b)(2); *Bruce v. Samuels*, 577 U.S. 82, 84 (2016).

To proceed without prepayment, plaintiffs must establish their inability to pay by filing an affidavit regarding their income and assets. *See Escobedo v. Applebees*, 787 F.3d 1226, 1234 (9th Cir. 2015). Prisoners must also submit a "certified copy of the [prisoner's] trust fund account statement (or institutional equivalent) for . . . the 6-month period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(a)(2). From the certified trust account statement, the Court assesses an initial payment of 20% of (a) the average monthly deposits in the account for the past six months, or (b) the average monthly balance in the account, whichever is greater, unless the prisoner has no assets. *See* 28 U.S.C. §§ 1915(b)(1) & (4).

Stultz has provided a copy of his prison certificate and trust account statement. (ECF 3 at 4, 8–9.) During the six months prior to filing suit, Stultz had an average monthly balance of $15.37, average monthly deposits of $27.00, and an available account balance of $0.10 at the time he filed suit. *Id*. at 4. Accordingly, the Court **GRANTS** plaintiff's request to proceed in forma pauperis. While the Court assesses no initial payment, Stultz must pay the full $350 filing fee in installments as set forth in 28 U.S.C. § 1915(b)(2).

## II.   SCREENING

### A.   Legal Standard

The Court must screen Stultz's complaint and *sua sponte* dismiss it to the extent that it is frivolous, malicious, fails to state a claim, or seeks damages from defendants who are immune. *See* 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b). "The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim." *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). That is, a complaint must "contain sufficient factual matter . . . to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted). While detailed factual allegations are not required, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to

state a claim. *Id*. The "mere possibility of misconduct" or "unadorned, the defendant-unlawfully-harmed me accusation[s]" fall short of meeting this plausibility standard. *Id.*

**B.     Plaintiff's Allegations**

Stultz alleges two pharmacy labs, "Lab Mnemonic" and "Quest Diagnostic," both under contract with the California Department of Corrections (CDCR), improperly "disclosed [his] DNA to the prosecution and to other parties involved in the prosecution of [his] criminal case,"[1] without his consent or a court order. (ECF 1, at 9.) Stultz states that Centinela State Prison medical staff collected "COVID-19 swabs" from him and used them to "contaminate" evidence related to his criminal conviction. (*Id.* at 16.) He alleges prison officials improperly "released" this evidence, which contained his DNA, to the "family of Jonny Rodriguez," the victim in his criminal case. (*Id.*)

Stultz further alleges that on August 17, 2023, "officers, Rodriguez and colleagues at Centinela State Prison," violated his rights when they "tampered with his legal mail [and] tried destroying his legal documents" related to his criminal case. (*Id.* at 9.)

**C.     Discussion**

Stultz names four "Doe" Defendants: Does #1 and #3 are alleged to be correctional officers at Calipatria and Centinela State Prisons, respectively. (*Id.* at 2.) Does #2 and #4 are "medical nurses" at a "pharmacy lab." (*Id.*) He alleges (1) his DNA was extracted and "disclosed" in violation of his Fourth, Eighth, and Fourteenth Amendment rights; (2) his legal mail was "tampered with"; and (3) his rights under the Health Insurance Portability

---

[1] The Court takes judicial notice that, in November 2018, Stultz was convicted of second-degree murder in *People v. Stultz*, California Superior Court for Riverside County, case number INF1601918. *See* Appellate Courts Case Info, Trial Court, https://appellatecases.courtinfo.ca.gov/search/case/trialCourt.cfm?dist=42&doc_id=2274459&doc_no=E071841&request_token=NiIwLSEnTkw9WyBFSSFdXE9IUEQ6UlxbJCJOJz5TICAgCg%3D%3D (visited Feb. 24, 2025); *see also* Fed. R. Evid 201; *Porter v. Ollison*, 620 F.3d 952, 955 n.1 (9th Cir. 2010) (taking judicial notice of court dockets, including those available on the internet, from petitioner's state court proceedings).

and Accountability Act (HIPAA) were violated. (*Id.* at 9.) He seeks money damages (*id.* at 13, 17) and an injunction ordering the CDCR to refrain from violating the Fourth, Eighth, and Fourteenth Amendments and HIPAA. (*Id.* at 13).

### 1. *Rule 8 and Doe Defendants*

First, the complaint must be dismissed under Rule 8 of the Federal Rules of Civil Procedure because Stultz fails to tie the conduct of defendants to any claim. Specifically, Rule 8(a)(2) requires "a short and plain statement of the claim showing that the pleader is entitled to relief," sufficient to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). To state a claim under § 1983, a plaintiff must plausibly allege "both (1) deprivation of a right secured by the Constitution and laws of the United States, and (2) that the deprivation was committed by a person acting under color of state law." *Tsao v. Desert Palace, Inc.*, 698 F.3d 1128, 1138 (9th Cir. 2012). To do so, a plaintiff must allege sufficient facts to show an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered. *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978).

Having construed the complaint in the light most favorable to Stultz, the Court finds it nonetheless fails to sufficiently allege how any of the Doe Defendants were personally involved in the alleged violations of his rights. While Stultz may reference unknown defendants as John Doe 1, John Doe 2, and so on, he must still allege facts to show how each individual Doe violated his constitutional rights. *See Wakefield v. Thompson*, 177 F.3d 1160, 1163 (9th Cir. 1999). Only after a plaintiff provides such details may he then use the discovery process to obtain the names of any Doe defendants believed to have violated his rights. *Id.* And here, the sparse allegations in Stultz's complaint fail to include any facts specifying what each individual Doe defendant did (or did not do) to violate his rights. Therefore, the complaint must be dismissed because plaintiff has not provided sufficient facts to put defendants on notice of his claim(s) against them and for failure to state a § 1983 claim. *See* Fed. R. Civ. P. 8(a); *Twombly*, 550 U.S. at 555; *see also* 28 U.S.C. §§ 1915(e)(2) and 1915A.

### 2. *Nonconsensual DNA Collection*

Even if Stultz had adequately linked a defendant's conduct to an alleged constitutional claim, he has not stated a claim regarding the nonconsensual extraction of his DNA and its later improper disclosure. Courts have consistently rejected constitutional challenges to compulsory DNA collection targeting convicted felons. *See, e.g.*, *United States v. Kriesel*, 508 F.3d 941, 942, 946 (9th Cir. 2007); *United States v. Kincade*, 379 F.3d 813, 816, 839 (9th Cir. 2003) (en banc). And as a prisoner serving a criminal sentence, Stultz has no constitutional right prohibiting the taking of a DNA sample. *See Hamilton v. Brown*, 630 F.3d 889, 895 (9th Cir. 2011) (finding no Fourth Amendment violation because, "[h]aving been convicted and incarcerated, [the plaintiff] has no legitimate expectation of privacy in the identifying information derived from his DNA"); *see also id*. at 897 (finding the Eighth Amendment was not violated by use of reasonable force to extract a DNA sample from inmate); *United States v. Reynard*, 473 F.3d 1008, 1021 (9th Cir. 2007) (concluding compelled extraction of blood for DNA collection does not violate a prisoner's Fifth Amendment right against self-incrimination).

Stultz also suggests that the collection of his DNA and its alleged "disclosure to the prosecution . . . of [his] criminal case" violated his due process rights under "*Trombetta*/*Youngblood*." (ECF 1 at 9.) He also fails to state a § 1983 claim under this theory. Under those two Supreme Court cases, the destruction or loss of evidence in a criminal case may amount to a violation of due process if the evidence "both possess an exculpatory value that was apparent before the evidence was destroyed, and be of such a nature that the defendant would be unable to obtain comparable evidence by other reasonably available means." *California v. Trombetta*, 467 U.S. 479, 489 (1984). Alternatively, when "lost or destroyed evidence is deemed to be only potentially exculpatory, as opposed to apparently exculpatory, the defendant must show that the evidence was destroyed in bad faith." *United States v. Estrada*, 453 F.3d 1208, 1212 (9th Cir. 2006) (citing *Arizona v. Youngblood*, 488 U.S. 51, 58 (1989)). Here, Stultz's criminal conviction was obtained in 2018, well before the COVID-19 pandemic—and any

"COVID-19[-related] swabbing"—began. It is unclear how the subsequent collection of his DNA affected his criminal case. In any event, Stultz does not allege the extracted DNA was exculpatory nor destroyed (much less destroyed in bad faith). Even if it had been destroyed, Stultz cannot plausibly allege that it would be impossible to obtain his DNA by other means.

Therefore, Stultz has failed to state a § 1983 claim based on the purported nonconsensual extraction of his DNA.

### 3. *Mail Tampering*

Next, to the extent Stultz alleges officials "tampered with his legal mail [and] tried destroying his legal documents" (ECF 1 at 9), he fails to state a claim. "[P]risoners have a protected First Amendment interest in having properly marked legal mail opened only in their presence." *Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1211 (9th Cir. 2017). Additionally, "prisoners have a Sixth Amendment right to be present when legal mail related to a criminal matter is inspected." *Mangiaracina v. Penzone*, 849 F.3d 1191, 1195 (9th Cir. 2017). To state a plausible claim, however, a plaintiff must "clarify who sent the mail or whether it was properly marked as 'legal mail.'" *Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1211 (9th Cir. 2017). Stultz has provided no such information. Therefore, Stultz has failed to state a claim under either the First or Sixth Amendment regarding mail tampering.

### 4. HIPAA

Finally, Stultz alleges his HIPAA rights were violated by the improper disclosure of his DNA. (ECF 1 at 9.) It is well-established that HIPAA "provides no private right of action." *Garmon v. County of Los Angeles*, 828 F.3d 837, 847 (9th Cir. 2016). Stultz cannot state a HIPAA claim.

**D.   Leave to Amend**

Given plaintiff's *pro se* status, the Court **GRANTS** him leave to amend his complaint. *See Rosati v. Igbinoso*, 791 F.3d 1037, 1039 (9th Cir. 2015) ("A district court should not dismiss a *pro se* complaint without leave to amend [under 28 U.S.C.

1  § 1915(e)(2)(B)(ii)] unless 'it is absolutely clear that the deficiencies of the complaint
2  could not be cured by amendment.'").

### III.   CONCLUSION AND ORDER

Accordingly, the Court:

1. **GRANTS** plaintiff's motion to proceed in forma pauperis.

2. **ORDERS** the Secretary of the CDCR, or the Secretary's designee, to collect the $350 filing fee owed in this case by collecting monthly payments from the account in an amount equal to 20% of the preceding month's income. The CDCR Secretary or the designee must forward payments to the Clerk of the Court each time the amount in the account exceeds $10. *See* 28 U.S.C. § 1915(b)(2). All payments must clearly identify the name and case number assigned to this action.

3. **DIRECTS** the Clerk of the Court to serve a copy of this Order on Jeff Macomber, Secretary, CDCR, P.O. Box 942883, Sacramento, California, 94283-0001, by U.S. Mail, or by forwarding an electronic copy to trusthelpdesk@cdcr.ca.gov.

4. **DISMISSES** plaintiff's complaint in its entirety for failure to comply with Rule 8 and failure to state a claim. *See* Fed. R. Civ. P 8; 28 U.S.C. §§ 1915(e)(2) and 1915A(b).

5.  **GRANTS** plaintiff until **April 4, 2025**, to file an amended complaint. The amended complaint must be complete by itself without reference to any previous version of his pleading; defendants not named and any claims not re-alleged in the amended complaint will be considered waived. *See* S.D. Cal. CivLR 15.1; *Lacey v. Maricopa Cnty.*, 693 F.3d 896, 928 (9th Cir. 2012) (noting that claims dismissed with leave to amend which are not re-alleged in an amended pleading may be "considered waived if not repled"). If Stultz fails to timely amend, the Court will enter a final Order dismissing this civil action. *See Lira v. Herrera*, 427 F.3d 1164, 1169 (9th Cir. 2005) ("If a plaintiff does not take advantage of the opportunity to fix his complaint, a district court may convert the dismissal of the complaint into dismissal of the entire action.").

Dated: February 25, 2025

Hon. Andrew G. Schopler
United States District Judge